## ALBUS REA *vs.* OLIVER B. DORRANCE.

The *st.* 1824, *c.* 272, allowing three days grace on promissory notes, inland bills of exchange, drafts or orders for the payment of money only, when the same shall be discounted by any bank, or left therein for collection, does not apply to such paper, unless the same shall have been so discounted or left for collection, *before it arrives at maturity by its terms.*

The indorser is always entitled to a notice, whether he becomes such for value, or lends his name for the accommodation of another party.

FROM the statement of facts agreed by the parties, it appeared, that the suit was against the defendant, as indorser of a paper, of which a copy follows. "*Portland, March* 27, 1837. For $1500. On the first day of *May* next, for value received, pay to the order of *O. B. Dorrance*, fifteen hundred dollars. *William W. Woodbury.*" This was addressed to the cashier of the *City*

*Bank*, *Portland*, and indorsed in blank by *Dorrance*.   The draft on *May* 2, 1837, was duly presented to the cashier of the *City Bank* for payment, which was refused because *Woodbury* had no funds there, and on the same day notice thereof was given to the defendant.   On the second or third. day of *May*, 1837, the draft was left in the *Canal Bank* for collection, and on the fourth day of *May*, was, by order of the cashier of that bank, duly presented at the *City Bank* for payment, which was refused for want of funds of the drawer, and notice thereof given to the defendant. The suit was afterwards, on the same day, commenced.   *Woodbury* had no funds in the *City Bank*, on the fourth of *May*, or during a week preceding.   It was agreed, that the Court should order judgment to be entered for the plaintiff, if he was entitled to maintain his action, and if not, that a nonsuit should be ordered.

*Fessenden & Deblois*, for the plaintiff, contended : —

1. That demand on the drawer, or notice to the defendant, was not necessary, as they said it appeared from the facts, that the defendant was not an indorser in the common course of business,. and the drawer had no funds in the bank.   *De Bert* v. *Atkinson*, 2 *H. Black.* 336 ; *Terry* v. *Parker*, 6 *Ad. & El.* 502.

2. The note was left in a bank for collection, and comes within the provisions of the *st.* 1824, *c.* 272, and was entitled to three days grace.

*Kinsman*, for the defendant, contended, that the case *De Bert* v. *Atkinson* was distinguishable from the present.   And that the case had been overruled, and was not now the law.   *Brown* v. *Maffey*, 15 *East*, 216 ; 6 *Bing.* 523 ; *Groton* v. *Dallheim*, 6 *Greenl.* 476 ; *Campbell* v. *Pettengill*, 7 *Greenl.* 126 ; *Mohawk Bank* v. *Broderick*, 10 *Wend.* 304.

As no demand was made or notice given on the day the note fell due, and the draft was not on that day left in any bank, the defendant was discharged.   Besides, the paper is not one of the description entitled to grace by the statute, if it had been seasonably left in a bank.

The opinion of the Court was prepared by

WESTON C. J. — The *statute* of 1824, *c.* 272, allowing three days grace on promissory notes, inland bills of exchange, drafts or

Rea *v.* Dorrance.

orders for the payment of money only, when the same shall be discounted at any bank, or left therein for collection, does not, in our judgment, apply to such paper, unless the same shall have been so discounted or left for collection, before it arrives at maturity by its terms. If it were otherwise, the effect of laches, for three days, on the part of the holder of negotiable paper, might always be obviated, by leaving it in a bank for collection, on the last day of grace; thus producing vagueness and uncertainty, as to the limits of conditional liabilities, where the rules of law require precision and certainty. The time of payment on paper, which has once arrived at maturity, cannot be extended by this expedient.

This order or draft, being due on the first day of *May*, should have been presented for payment on that day. This not having been done, the general rule of law is, that the indorser is discharged. *Groton v. Dallheim*, .6 *Greenl.* 476.

It is, however, insisted, that in this case, such demand and presentment are excused. And it is assumed in argument for the plaintiff, that the indorsement made by the defendant, was not in the ordinary course of business, but that he lent his name merely to give credit to the paper. It is thence deduced, that demand and notice are excused, upon the authority of the case of *De Bert v. Atkinson*, 1 *H. Black.* 336. In the first place, the case does not find, that the defendant was an indorser, for the accommodation of the drawer, or that he did not receive and pass the paper, in the ordinary course of business. Secondly, the case of *De Bert v. Atkinson* would not be held to be law at the present day. The indorser is always entitled to notice, whether he becomes such for value, or lends his name for the accommodation of another party. *Bayley on Bills*, 5 *Ed.* 307, *note* 160; *Smith* v. *Becket*, 13 *East*, 187; *Brown* v. *Maffey*, 15 *East*, 216; *Leach* v. *Hewitt*, 4 *Taunton*, 731; *Groton* v. *Dallheim*, before cited; *Holland* v. *Turner*, 10 *Conn. R.* 308. In that case, the Court say, that *De Bert* v. *Atkinson* has been questioned and repeatedly overruled, both in *Great Britain* and in this country.

In the opinion of the Court, the plaintiff is not entitled to judgment, upon the facts agreed.

*Plaintiff nonsuit.*